# EXHIBIT B

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CAITLIN DEMETSENARE,
        Individually and all others
        Similarly situated,
            Plaintiffs,

                                                                   Case No.11-12753
                                                               Hon. Bernard Friedman

   Vs.

STEFANI GERMANOTTA,
        aka LADY GAGA;
ATE MY HEART, INC.,
        A California Corporation,
MERMAID MUSIC, L.L.C;
        A New York Corporation,
HOUSE OF GAGA PUBLISHING, INC.
        A New York Corporation,
BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES INC.,
        A Foreign Corporation,
LIVE NATION ENTERTAINMENT INC.,
        A Delaware Corporation,
LIVE NATION MERCHANDISE INC.,
        A Delaware Corporation,
UNIVERSAL MUSIC GROUP INC.,
        A Delaware Corporation.
                Defendants.
_____/

## ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND DIRECTING NOTICE TO THE CLASS

     The parties, having made an application pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order approving the settlement of the above captioned action in according with a Stipulation of Settlement effective as of June 25, 2012 ("the Stipulation"), which is incorporated herein by reference and which, together with the accompanying documents, sets forth the terms and conditions for the proposed settlement of the action between Plaintiff Caitlin

1

Demetsenare and Defendants Stefani Germanotta, et al., and for a judgment dismissing Plaintiff's claims with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the accompanying documents, and all parties having consented to the entry of this Order

**IT IS HEREBY ORDERED** this DATE that:

1. For purposes of the Settlement only, and preliminarily, for the purposes of this Order, this action shall proceed as a class action, pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, by the plaintiff in the action, on behalf of all plaintiffs who purchased a Pray for Japan wristband from one or more of the Defendants during the period from March 11, 2011 through June 24, 2011, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any or each of them, and by Plaintiff's counsel as class counsel.

2. The Court preliminarily approves the settlement on the terms and conditions set forth in the Stipulation as being fair, reasonable, and adequate to warrant sending notice of the proposed settlement to the class and further consideration of the proposed settlement at the hearing described in paragraph 3 below.

3. A hearing shall be held on _____ before the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd.,

Detroit, MI 48226 for the purposes of: (a) determining whether the proposed settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate and in the best interests of the class and should be approved by the court, and whether the Order and Final Judgment provided for in the stipulation should be entered; (b) determining whether the action should be finally certified as a class action; (c) considering the application of Plaintiff's counsel for an award of attorneys' fees and expenses to be paid by Defendants; and (d) ruling on such other matters as the Court may deem appropriate. The Court may adjourn the hearing (including consideration of the application for an award of attorneys' fees and expenses) or any adjournment thereof without further notice to the class other than an announcement at the hearing or any adjournment thereof.

a. The Court approves, in form and content, the Notice of Pendency of Class Action, Stipulation of Settlement, Settlement Hearing and Right to Appear attached as EXHIBIT to the stipulation and finds that the distribution of the notice substantially in the manner and form set for in paragraph 4(b) of this Order meets the requirements of Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute full and adequate notice to all persons entitled thereto.

b. Within 14 calendar days of the entry of this Order, Plaintiff shall commence by electronic mail, dissemination of the Notice, using email addresses supplied by Defendants. Plaintiff shall use reasonable efforts to give notice to purchasers of

    the wristbands by making additional copies of the notice available to any putative class member requesting the same for the purpose of distribution to purchasers. Any identified purchaser without a valid email address shall be sent a copy of this Notice via first class mail.  Plaintiffs will pay all costs and expenses related to the Notice. Ten days before the hearing, Plaintiff's shall file proof by affidavit of such mailing.

4. At the hearing, any member of the class who desires to do so may appear personally or by counsel, providing that an appearance is filed and served as hereinafter provided, and show cause, if any, why the settlement of Plaintiff's claims in the action should not be approved as fair, reasonable, adequate and in the best interests of the class, why judgment should not be entered dismissing Plaintiffs' claims asserted against all of the defendants with prejudice against Plaintiff as the class is determined by the Court or why the Court should not grant an allowance of fees and expenses to Plaintiffs' counsel for their services herein and expenses incurred. Provided, however, that no member of the class or any other person opposing the settlement or any provision thereof shall be heard or entitled to contest the approval of the terms and conditions of the settlement and/or if approved, the judgment to be entered thereon and the allowances of fees and expenses to Plaintiff's counsel and no papers or briefs submitted by any member of the class or any other personal shall be received and considered except by Order of the court for good cause shown, unless, no later than ten business days prior to the hearing copies of (a) a written notice of intention to appear, (b) proof of any class membership, (c) a detailed statement of each person's specific objections to any matter before the Court, (d) the

grounds for such objections and any reasons for such person's desiring to appear and to be heard, as well as all documents and writings such person desires this Court to consider, and (e) a statement advising the Court and the parties of any court proceeding in which said objector and his counsel has made an objection to a class action settlement within the past three years identifying the past objections made by case name, docket number and court shall be served upon the following counsel:

| Plaintiff's Counsel | Defendants' Counsel |
|---|---|
| Alyson L. Oliver | Daniel D. Quick |
| Oliver Law Group PC | Dickinson Wright |
| 950 W. University Drive, Suite 200 | 2600 West Big Beaver Rd., Ste. 300 |
| Rochester, MI 48307 | Troy, MI 480834-3312 |
| 248 327-6556 | 248-433-7242 |
| Fax: 248-436-3385 | Fax: 248-433-7200 |
| Email: notifications@oliverlg.com | Email: dquick@dickinsonwright.com |

and then filed with the Clerk of Court. Unless the Court otherwise directs, no members of the class shall be entitled to object to the settlement or to the judgment to be entered herein, or to the award of attorneys fees and expenses to Plaintiff's counsel, or otherwise to be heard, except by serving and filing written objections as described above. Any person who fails to object in the manner provided above shall be deemed to have waived such objection and shall forever be barred from making any such objection in this action or any other action or proceeding.

5. The parties shall file all papers in support of the proposed settlement, and Plaintiff's counsel shall file their application for an award of attorney's fees and expenses, no later than five business days before the hearing.

5

6. If the settlement provided for in the Stipulation is approved by the court following the hearing, judgment shall be entered in the form attached as EXHIBIT to the stipulation.

7. Except as otherwise provided in the Stipulation, all pre-trial proceedings in this action except for such proceedings ordered by the court with respect to approval of the settlement, are stayed and suspended until further order of this Court.

8. In the event that: (a) the Court declines, in any respect (except for a disallowance or reduction of the fees and or expenses sought by Plaintiff's counsel) to enter the Order and Final Judgment provided for in the Stipulation and any one of the parties hereto fails to consent to the entry of another form of order in lieu thereof; (b) the Court disapproves the settlement proposed in the Stipulation, including any amendments thereto agreed upon by all of the parties; or (c) the Court approves the settlement proposed in the Stipulation or any amendments thereto approved by all of the parties, but such approval is reversed or substantially modified on appeal and such reversal or modification becomes final by a lapse of time or otherwise; then, in any of such events, the Stipulation, the settlement proposed herein (including any amendments), any qualifications of Plaintiff as appropriate representative of the class or of Plaintiff's counsel as counsel to the class, and any actions taken or to be taken with respect to the settlement proposed in the Stipulation and the Order and Final Judgment to be entered, shall be of no further force or effect and shall be null and void, and shall be without prejudice to any of the parties hereto.

9. The Court reserves the right to approve the Stipulation and the settlement with modifications and without further notice to members of the class, and retains jurisdiction over the action to consider all further applications arising out of or connected with the proposed settlement.


Dated: _____
United States District Court Judge