# EXHIBIT C

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CAITLIN DEMETSENARE,
       Individually and all others
       Similarly situated,
              Plaintiffs,

Case No.11-12753
Hon. Bernard Friedman

**NOTICE OF PENDENCY OF CLASS ACTION, STIPULATION OF SETTLEMENT, SETTLEMENT HEARING, AND RIGHT TO APPEAR**

Vs.

STEFANI GERMANOTTA,
       aka LADY GAGA;
ATE MY HEART, INC.,
       A California Corporation,
MERMAID MUSIC, L.L.C;
       A New York Corporation,
HOUSE OF GAGA PUBLISHING, INC.
       A New York Corporation,
BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES INC.,
       A Foreign Corporation,
LIVE NATION ENTERTAINMENT INC.,
       A Delaware Corporation,
LIVE NATION MERCHANDISE INC.,
       A Delaware Corporation,
UNIVERSAL MUSIC GROUP INC.,
       A Delaware Corporation.
              Defendants.
_____/

*A Federal Court authorized this notice. This is not a solicitation from an attorney.*
Questions? Call Lead Counsel at 248-327-6556

**TO: ALL WHO PURCHASED A PRAY FOR JAPAN WRIST BAND FROM ONE OR MORE OF THE DEFENDANTS DURING THE PERIOD FROM THE CLOSE OF BUSINESS ON MARCH 11, 2011 THROUGH JUNE 24, 2011, INCLUDING ANY AND ALL OF THEIR RESPECTIVE SUCCESSORS IN INTEREST, PREDECESSORS, REPRESENTATIVES, TRUSTEES, EXECUTORS, ADMINISTRATORS, HEIRS,**

1

**ASSIGNS OR TRANSFEREES, IMMEDIATE AND REMOTE, AND ANY PERSON OR ENTITY ACTING FOR OR ON BEHALF OF, OR CLAIMING UNDER ANY OR EACH OF THEM (THE "CLASS").**

- If you are a Class member, you will be bound by any judgment entered in the litigation whether or not you actually receive this Notice. **You may not opt out of the Class**.

- Any Class member who does not object to the Stipulation, the Settlement, the class action determination, the dismissal of the Action, the judgment to be entered with respect thereto, the release and/or bar of Settled Claims, the request by Class Counsel for an award of attorneys' fees, or any of the other matters discussed herein **need not do anything at this time**.

- Any Class member who wishes to object to the Stipulation, the Settlement, the class action determination, the dismissal of the Action, the judgment to be entered with respect thereto, the release and/or bar of Settled Claims, the request by Class Counsel for an award of attorneys' fees or expenses, or any of the other matters discussed herein must follow the instructions set forth below.

## SUMMARY OF THIS NOTICE AND DEFINITION OF THE CLASS

This Notice, which is sent pursuant to an order of the United States District Court for the Eastern District of Michigan entered in the above-captioned action (the "Action"), describes the proposed settlement of a class action lawsuit filed against the above-named Defendants (collectively the Defendants") with respect to the sale of Pray For Japan wrist bands and the representation that "all proceeds" would be donated to relief efforts to relief efforts in the wake of the March 2011 earthquake and tsunami in Japan.

The purpose of this Notice is to advise you of the proposed settlement (the "Settlement") of the Action and of the final settlement hearing to be held on _____, 2012, at ____ a.m., at the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Courtroom 236, Detroit, MI 48226 (the "Hearing").

The purposes of the Hearing are: (a) to determine whether the Settlement as set forth in the Stipulation of Settlement among the parties and filed with the Court (the "Stipulation") should be approved by the Court as fair, reasonable, adequate and in the best interests of the Class, and whether the Order and Final Judgment provided for in the Stipulation should be entered; (b) to determine whether the Action should be certified as a class action; (c) to consider the application for an award of attorneys' fees and expenses to be paid by Defendants, and (d) to rule on such other matters as the Court may deem appropriate.

THIS NOTICE IS NOT AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES RAISED BY ANY OF THE PARTIES. THE FOLLOWING DESCRIPTION OF THE ACTION AND SUMMARY OF THE SETTLEMENT HAS BEEN PROVIDED BY THE PARTIES. IT DOES NOT CONSTITUTE FINDINGS BY THE COURT.

### BACKGROUND AND DESCRIPTION OF THE ACTION

1. On March 11, 2011 a 9.0 magnitude earthquake struck Northeast Japan near Sendai triggering a tsunami wave and causing widespread damage. Shortly thereafter, Stefani Germanotta, a/k/a Lady Gaga and the other Defendants began marketing and selling wrist bands that had writing on them saying: "Pray for Japan". Defendants represented that all of the proceeds from the sale of the wristbands would be donated to groups assisting with the relief effort for Japan.

2. On June 24, 2011, Plaintiff filed a putative class action complaint in the United States District Court for the Eastern District of Michigan, Southern Division, entitled *Caitlin*

3

*Demetsenare v Stefani Germanotta, et al.*, Case No. 11-12753. The complaint alleged, among other things, that the Defendants misrepresented how the donations would be allocated, RICO violations, and conspiracy to violate RICO, violation of state consumer protection statutes, and unjust enrichment.

3. Defendants deny that they have committed or aided and abetted in the commission of any violation of law of any kind or engaged in any of the wrongful acts alleged in the Action, and expressly maintain that they have diligently and scrupulously complied with their legal duties.

4. Plaintiff's counsel and Defendants' counsel engaged in extensive arm's-length negotiations concerning a possible resolution of the Action.

   As a consequence of arm's-length negotiations, and in consideration for the settlement of the claims alleged in the complaint, the parties reached an agreement in principle providing for a resolution of the Action ("the Settlement"), all parties recognizing the time and expense that would be incurred by further litigation of the Action and the uncertainties inherent in such litigation. The parties signed a Memorandum of Understanding, promising to reduce the terms of their agreement to a stipulation ("the Stipulation").

5. Plaintiff's Counsel conducted extensive discovery of materials voluntarily provided by Defendants, retained experts and engaged in an analysis of damages.

## SUMMARY OF THE SETTLEMENT

The Settlement provides that Defendants shall tender $107,500.00 to a charity that will use the funds to aid victims of the Japanese Tsunami. Notwithstanding anything set forth herein, Defendants deny that there was or is any merit whatsoever to Plaintiff's claims but are prepared to make an additional charitable contribution, in addition to the significant sums already contributed, in order to resolve this matter.

## DISMISSAL OF THE ACTION

If the Settlement is approved by the Court, Final Judgment will be entered in the Action:

1. Certifying the Class pursuant to Rules 23(a), 23(b)(1), and 23(b)(2) of the Federal Rules of Civil Procedure, and certifying Plaintiff as the representative of the Class and her counsel, Alyson Oliver of Oliver Law Group PC, as Lead Counsel;

2. Approving the Settlement and adjudging its terms to be fair, reasonable, adequate and in the best interests of the Class, and directing consummation of its terms and provisions;

3. Awarding to Lead Counsel such fees and reimbursement of expenses as the Court may deem reasonable up to the sum of $107,500; and

4. Fully, finally and forever releasing all Settled Claims against the Released Persons (as those terms are defined in the Stipulation).

5. Fully, finally and forever releasing all claims that the Released Persons now have or may in the future have against Plaintiff, members of the Class, and Plaintiff's counsel arising out of the commencement, prosecution, settlement, or resolution of the Settled Claims.

6. Provided, however, that Plaintiff shall retain the right to enforce the terms of the Settlement.

### PLAINTIFF'S COUNSEL'S FEES AND EXPENSES

As part of the Settlement, Defendants agreed that, subject to Court approval and dismissal of the Action with prejudice, Defendants shall pay Plaintiff's counsel the sum of $107,500 in settlement of their claim for attorneys' fees and reimbursement of expenses, and Plaintiff's counsel agreed that they will not seek Court approval of an amount greater than this sum. This amount will be paid by Defendants within ten (10) business days after the entry by the Court of an Order approving the Settlement.

### NOTICE OF HEARING ON THE SETTLEMENT
### AND YOUR RIGHT TO OBJECT

The Hearing shall be held before the Court at _____ on _____, 2012 to determine whether the Settlement should be approved by the Court and judgment entered thereon, and to determine Plaintiff's counsel's application for an award of attorneys' fees and reimbursement of expenses.

The Court may adjourn the Hearing (including consideration of the application for an award of attorneys' fees and expenses) or any adjournment thereof without further notice to the Class other than by announcement at the Hearing or any adjournment thereof. The Court may also approve the Settlement at or after the Hearing with such modifications as may be consented to by all parties to the Stipulation and without further Notice to the Class.

**If you do not object to the Settlement, you do not need to do anything**.

Any member of the Class who objects to the: (i) Settlement; (ii) Plaintiff's counsel's application for an award of attorneys' fees; or (iii) who otherwise wishes to be heard, may appear in person or by their attorney at the Hearing and present evidence or argument that may be proper and relevant; provided, however, that no person other than Plaintiff's counsel and Defendants' counsel in the Action shall be heard, and no papers, briefs, pleadings or other documents submitted by any such person shall be received and considered by the Court, unless the Court in its discretion shall thereafter otherwise direct, upon application of such person and for good cause shown, unless not later than ten (10) business days prior to the Hearing: (a) a written notice of intention to appear; (b) proof of membership in the Class; (c) a statement of such person's objections to any matters before the Court; (d) the grounds therefore or the reasons for such person's desiring to appear and be heard, as well as all documents or writings such person desires the Court to consider; and (e) a statement advising the Court and the parties of any court proceeding in which said objector and his counsel has made an objection to a class action settlement within the past three years identifying the past objections made by case name, docket number and court, shall be filed by such person with the Court and, on or before the date of such filing, shall be served upon the following counsel of record:

| Plaintiffs' Counsel | Defendants' Counsel |
|---|---|
| Alyson L. Oliver | Daniel D. Quick |
| Oliver Law Group PC | Dickinson Wright |
| 950 W. University Drive Ste. 200 | 2600 West Big Beaver Rd., Ste. 300 |
| Rochester, MI 48307 | Troy, MI 480834-3312 |
| (248) 327-6556 | 248-433-7242 |
| notifications@oliverlg.com | Fax: 248-433-7200 |
| | Email: dquick@dickinsonwright.com |

Unless the Court otherwise directs, no person shall be entitled to object to the approval of the Settlement, any judgment entered thereon, any award of attorneys' fees and reimbursement of expenses, or otherwise to be heard, except by serving and filing a written objection and supporting papers and documents as prescribed above. Any person who fails to object in the manner and within the time prescribed above shall be deemed to have waived the right to object (including the right to appeal) and forever shall be barred, in this proceeding or in any other proceeding, from raising such objection.

## SCOPE OF THIS NOTICE

The references in this Notice to the pleadings in the Action, the Stipulation and other papers and proceedings are only summaries and do not purport to be comprehensive. For the full details of the Action, the claims which have been asserted by the parties, and the terms and conditions of the Settlement, including a complete copy of the Stipulation, you may want to review the Court files in the Action. You may examine the file for the Action on any weekday during regular business hours at the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226. You may also contact the claims administrator for copies of the relevant documents.

## INQUIRIES

Any questions you or your counsel has concerning this Notice should be directed to Plaintiff's counsel, Alyson Oliver, 950 W. University Drive Ste. 200 Rochester, MI 48307 or by calling 248-327-6556.

## PLEASE DO NOT CALL THE COURT CLERK OR THE JUDGE.

Dated: _____, 2012

2:11-cv-12753-BAF-LJM   Doc # 19-3   Filed 06/25/12   Pg 10 of 10   Pg ID 94


Dated: _____, 2012

2:11-cv-12753-BAF-LJM   Doc # 19-3   Filed 06/25/12   Pg 10 of 10   Pg ID 94