# EXHIBIT D

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CAITLIN DEMETSENARE,
    Individually and all others
    Similarly situated,
        Plaintiffs,

                Case No.11-12753
                Hon. Bernard Friedman

Vs.

STEFANI GERMANOTTA,
    aka LADY GAGA;
ATE MY HEART, INC.,
    A California Corporation,
MERMAID MUSIC, L.L.C;
    A New York Corporation,
HOUSE OF GAGA PUBLISHING, INC.
    A New York Corporation,
BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES INC.,
    A Foreign Corporation,
LIVE NATION ENTERTAINMENT INC.,
    A Delaware Corporation,
LIVE NATION MERCHANDISE INC.,
    A Delaware Corporation,
UNIVERSAL MUSIC GROUP INC.,
    A Delaware Corporation.
        Defendants.
_____

## ORDER AND FINAL JUDGMENT

    WHEREAS, the Stipulation of Settlement, effective as of _____, (the

"Settlement"), in the above-captioned action (the "Action") was presented at the settlement

hearing held on _____ (the "Settlement Hearing"), pursuant to the Notice Order entered

herein on _____;

WHEREAS, the Stipulation of Settlement was joined and consented to by all parties to the Action and (along with the defined terms therein) is incorporated herein by reference;

WHEREAS, pursuant to the Notice Order, this Court preliminarily certified the Class (as defined below);

WHEREAS, the Notice of Pendency of Class Action, Stipulation of Settlement, Settlement Hearing and Right to Appear (the "Notice") has been disseminated to the Class in accordance with the Notice Order; and

WHEREAS, the Court having heard and considered the evidence in support of the proposed settlement embodied in the Settlement at the Settlement Hearing; the attorneys for their respective parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Notice Order; the Court having determined that the notice to the Class was full, adequate and sufficient; and the entire matter of the Settlement having been heard and considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, this xx day of xxxx, 2012, that:

1. Based on the record of the Action, each of the provisions of Rule 23(a) of the Federal Rules of Civil Procedure has been satisfied and the Action has been properly maintained according to the provisions of Rules 23(b)(1) and (b)(2).  Specifically, this Court finds that (a) the Class is so numerous that joinder of all members is impracticable, (b) there are questions of law or fact common to the Class, (c) the claims or defenses of the representative parties are typical of the claims or defenses of the Class and (d) the representative parties have fairly and adequately protected the interest of the Class.

2. The Action is certified as a class action, pursuant to Rules 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure, on behalf of a Class consisting of all persons who purchased a Pray for Japan wristband from one or more of the Defendants during the time period from March 11, 2011 through xxxxx including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any or each of them (the "Class"). Caitlin DeMetsenare is permanently certified as representative of the Class, and it is found that the representative was adequately represented by her counsel of record, and that the representative fairly and adequately protected the interests of the Class.

3. On or before xxx, the Notice was disseminated, as provided for in the Notice Order, and as stated in the proof of mailing filed with the Court by plaintiffs.  The form and manner of notice given to the Class is hereby determined to have been the best notice practicable under the circumstances, to have been given in full compliance with the requirements of due process and Rule 23, and to constitute full and adequate notice to the Class.

4. All members of the Class are bound by the Order and Final Judgment entered herein, as full and adequate notice of the proceedings was given and as a full opportunity to be heard was provided to members of the Class.

5. The Settlement and all transactions preparatory or incident thereto are found to be fair, reasonable, adequate and in the best interests of the Class, and is hereby approved.  The parties to the Settlement are directed to comply with, and to

consummate, the Settlement in accordance with its terms and provisions, and the Clerk is directed to enter and docket this Order and Final Judgment in the Action.

6. The Plaintiff, on behalf of herself and the Class, and each Class Member, effective upon final Approval of the Settlement, hereby settle, release, discharge and dismiss with prejudice on the merits any and all claims, demands, actions or causes of action, rights, liabilities, damages, losses, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, that have been or could have been or in the future might be asserted in the Action or in any court, tribunal or proceeding (including, but not limited to, any claims arising under federal or state law, or any other law or regulation, including claims relating to alleged fraud, breach of any duty, negligence or violation of state consumer protection laws) by or on behalf of Plaintiff and any and all of the members of the Class (and Plaintiff's and Class members' present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial, legal and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities), whether individual, class, direct, derivative, representative, legal or equitable, or any other type or in any other capacity, against any and all Defendants in the Action and/or any of their parent entities, associates, affiliates or subsidiaries and each and all of their respective past,

present or future officers, directors, stockholders, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, insurers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors, assigns and any other representatives of any of these persons or entities (collectively, the "Released Persons") which Plaintiff or any member of the Class ever had, now has, or hereafter can, shall or may have by reason of, arising out of, relating to or in connection with the allegations, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved, set forth or otherwise related to the Action or the Claims (collectively, the "Settled Claims"), provided, however, that the Settled Claims shall not include claims to enforce the Settlement;

(a) Each member of the Class, effective upon Final Approval of the Settlement, hereby covenants not to sue, and is barred from suing, any Defendant or any other Released Person for any Settled Claim;

(b) Subject to the order of this Court, pending final determination of whether the Settlement provided for in this Stipulation should be approved, Plaintiff and all members of the Class, or any of them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Settled Claims against any of the Released Persons.

(c) The Released Persons, effective upon Final Approval of the Settlement, hereby release Plaintiff, the members of the Class and Plaintiff's counsel from all claims arising out of the commencement, prosecution, settlement or resolution of the Claims; however, the Released Persons shall retain the right to enforce the terms of the Stipulation and the Settlement.

7. This Order and Final Judgment hereby fully, finally and forever releases, relinquishes and discharges all claims that the Released persons now have or may in the future have against Plaintiff, members of the Class, and Plaintiff's counsel arising out of the commencement, prosecution, settlement, or resolution of the Settled Claims. Provided, however, that Defendants shall retain the right to enforce the terms of the Settlement.

8. This Order and Final Judgment shall not constitute or be construed to be an admission of, or evidence of, the validity or lack of validity of the Released Claims, or of any wrongdoing or liability of any party, or deemed to be or used as an admission of, or evidence of any fault or omission of any party in any civil, criminal or administrative proceeding in any Court, administrative agency or other tribunal. The parties to this Settlement or any of them may file this Order and Final Judgment and/or the Settlement in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9. Plaintiff's counsel are hereby awarded fees and expenses in the amount of $_____ in connection with the Action (of which up to $7,500 may be paid to Plaintiff in the form of an incentive award), which fees and expenses the Court finds to be fair and reasonable.

10. Without affecting the finality of this Order and Final Judgment in any way, the Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement in accordance with the Settlement.

Date: _____