**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

CAITLIN DEMETSENARE,
            Individually and all others
            Similarly situated,
                  Plaintiffs,

                                                    Case No.11-12753
                                                    Hon. Bernard Friedman

      Vs.

STEFANI GERMANOTTA,
            aka LADY GAGA;
ATE MY HEART, INC.,
            A California Corporation,
MERMAID MUSIC, L.L.C;
            A New York Corporation,
HOUSE OF GAGA PUBLISHING, INC.
            A New York Corporation,
BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES INC.,
            A Foreign Corporation,
LIVE NATION ENTERTAINMENT INC.,
            A Delaware Corporation,
LIVE NATION MERCHANDISE INC.,
            A Delaware Corporation,
UNIVERSAL MUSIC GROUP INC.,
            A Delaware Corporation.
                        Defendants.
_____/

**PLAINTIFF'S MOTION FOR CERTIFICATION OF SETTLEMENT**
**CLASS, APPROVAL OF NOTICE PLAN, AND PRELIMINARY**
**APPROVAL OF PROPOSED CLASS SETTLEMENT**

Alyson L. Oliver                         Daniel D. Quick
Oliver Law Group PC                      Dickenson Wright
950 W. University Drive Ste. 200         2600 West Big Beaver Road Ste. 300
Rochester, MI 48307                      Troy, MI 48034
(248) 327-6556                           (248) 433-7242
notifications@oliverlg.com               quick@dickinsonwright.com
*Counsel for Plaintiff*                  *Counsel for Defendants*

1

Plaintiff, by her attorneys, Oliver Law Group PC ("Plaintiff's Counsel"), bring this Motion pursuant to Fed. R. Civ. P. 23(e), seeking preliminary approval of a proposed settlement which will resolve the claims asserted in this litigation.

In support of her Motion, Plaintiff relies upon the attached Brief and exhibits attached to the Stipulation of Settlement.

For the reasons set forth in the attached Brief, Plaintiff respectfully requests that the Court enter an Order: (1) preliminarily approving the proposed settlement as set forth in the Stipulation of the Settlement; (2) preliminarily certifying the proposed Class and appointing Plaintiff's Counsel as Class Counsel; (3) approving the form and manner of notice; and (4) setting forth a schedule for completing the approval process.

Dated: June 25, 2012                    Respectfully Submitted,


                                        /s/Alyson L. Oliver
                                        OLIVER LAW GROUP PC
                                        Alyson L. Oliver (P55020)
                                        950 W. University Drive, Ste. 200
                                        Rochester, MI 48307
                                        (248) 327-6556
                                        aoliver@oliverlg.com
                                        *Counsel for Plaintiff*

2

## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

CAITLIN DEMETSENARE,
               Individually and all others
               Similarly situated,
                  Plaintiffs,

                                             Case No.11-12753
                                             Hon. Bernard Friedman

        Vs.

STEFANI GERMANOTTA,
               aka LADY GAGA;
ATE MY HEART, INC.,
               A California Corporation,
MERMAID MUSIC, L.L.C;
               A New York Corporation,
HOUSE OF GAGA PUBLISHING, INC.
               A New York Corporation,
BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES INC.,
               A Foreign Corporation,
LIVE NATION ENTERTAINMENT INC.,
               A Delaware Corporation,
LIVE NATION MERCHANDISE INC.,
               A Delaware Corporation,
UNIVERSAL MUSIC GROUP INC.,
               A Delaware Corporation.
                        Defendants.

_____/

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF NOTICE PLAN, AND PRELIMANARY APPROVAL OF PROPOSED CLASS SETTLEMENT

Alyson L. Oliver                             Daniel D. Quick
Oliver Law Group PC                  Dickenson Wright
950 W. University Drive Ste. 200      2600 West Big Beaver Road Ste. 300
Rochester, MI 48307                  Troy, MI 48034
(248) 327-6556                           (248) 433-7242
notifications@oliverlg.com            quick@dickinsonwright.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………………....…i

PRELIMINARY STATEMENT…………………………………………………………2

FACTUAL BACKGROUND………………………………………………………………2

   I.     PROCEDURAL HISTORY……………………………………………….……3

   II.    SETTLEMENT NEGOTIATIONS………………………………………...…………3

   III.   DISCOVERY……………………………………………………………….……….3

   IV.   THE SETTLEMENT……………………………………………………...…………4

LEGAL ARGUMENT……………………………………………………………….……5

   I.     SETTLEMENT CLASS SHOULD BE CERTIFIED………………….……….…..5

       A.  Standard of Review …………………………………………….…….…..5

       B.  Class Certification Should be Granted Under Rule 23…………….…………5

       C.  The Proposed Class Satisfies the Criteria of Rule 23(a)………...……………6

          1.  Numerosity………………………………………….…..…..………6

          2.  Commonality……………………………………....……………..6

          3.  Typicality……………………………………………………………7

          4.  Adequacy………………………………………….…..……………8

       D.  The Proposed Class Satisfies the Criteria of Rule 23(b)………………….…8

   II.    THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE, MERITING PRELIMINARY COURT APPROVAL……..………10

       A.  The Preliminary Fairness Determination…………………………………10

       B.  Factors………………………………………………………...……….10

          1.  Risk of Fraud or Collusion…………………………...…………11

          2.  Complexity, Expense, and Likely Duration of Litigation…………..………11

          3.  Amount of Discovery Conducted by Parties………………………………11

          4.  Likelihood of Success on the Merits………………………………………..12

          5.  Opinions of Class Counsel & Representatives……………….……………12

          6.  Reaction of Absent Class Members………………………….……………12

          7.  Public Interest……………………………………………………………13

i

C. The Proposed Notice Plan Satisfies Rule 23 and Due Process………..13

CONCLUSION………………………………………………………………………….13

## INDEX OF AUTHORITIES

**CASES**

*Int'l Union, United Automobile, Aerospace, and Agric. Implement Workers of Am v. General Motors Corp.*, 497 F. 3d 615, 625 (6th Circ. 2007)....................................................5, 7, 10, 11, 13

*Am. Med. Sys. Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996) ............................................................5,7

*Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 887, 884 (6th Cir. 1997) ......................................6, 7

*Fallick v. Nationwide Mut. Ins. Co.,* 162 F.3d 410, 424 (6th Cir. 1998).........................................6

*Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)..................................................7

*Van Vels v. Premier Athletic Ctr. Of Plainfield, Inc*, 182 F.R.D. 500, 510 (W.D. Mich. 1998) .....7

*Rutherford v. City of Cleveland*, 137 F.3d 905, 909 (6th Cir. 1998) ...............................................7

*Senter v. General Motors Corp.*, 532 F.2d 511, 524-525 (6th Cir. 1976) ......................................8

*Bailey v. Great Lakes Canning, Inc.*, 908 F.2d 38, 42 (6th Cir. 1990)..........................................10

*Detroit Polic Off. Ass'n,* 920 F. Supp at 761 .........................................................................5, 10

*Leonhardt v. ArvinMeritor,Iinc.* 581 F. Supp 2d 818, 823 (ED Mich 2008).................5, 11, 12, 13

*In re Cardizem CD Antitrust Litig.*, 218 FRD 508, 523 (ED Mich. 2003) ..............................11, 12

*Vukovich* 720 F.2d 909 1983 ...................................................................................................6, 12

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 US 306, 314 (1950)....................................9, 13

**STATUTES/RULES**

Fed. R. Civ P 23(e). .................................................................................................................2,4,8

Fed. R. Civ P 23(b). .................................................................................................................8, 9

Fed. R. Civ P 23(a). ....................................................................................................................5

Fed. R. Civ P 23(b)(1)..................................................................................................................8

Fed. R. Civ P 23(b)(3)..................................................................................................................8

Fed. R. Civ P 23(c)(2)(A). ...........................................................................................................8

18 U.S.C. §1961 .......................................................................................................................3,8

## PRELIMINARY STATEMENT

Plaintiff, Caitlin DeMetsenare brings this motion pursuant to Fed. R. Civ. P. 23(e), seeking preliminary approval of a proposed settlement (the "Settlement"), which resolves the claims asserted by Plaintiff in this litigation.

Plaintiff and Plaintiff's counsel engaged in a thorough investigation of all relevant facts and circumstances of this claim. After such investigation Plaintiff, and her counsel, believe that the Stipulation of Settlement (the "Stipulation"), attached hereto as EXHIBIT A, is fair, reasonable, and adequate.  Moreover, Plaintiff and her counsel believe that the Settlement sought to be approved is in the best interest of all members of the class.  Plaintiff also asserts that the Settlement would provide an excellent result to this action.  The Settlement was negotiated at arm's length by counsel for all parties, with the diligent facilitation of the Magistrate Judge assigned to the proceedings.

For the reasons outlined below, Plaintiff requests that this Honorable Court enter an Order granting: (a) Preliminary Approval of the Settlement; (b) Preliminary Certification of the Proposed Class and Appointment of Plaintiff's Counsel as Class counsel; (c) a Schedule for Completing the Approval Process; and (d) Approval of the Form and Manner of Class Notice of the Settlement.

## FACTUAL BACKGROUND

On March 11, 2011, a 9.0 magnitude earthquake struck northeast Japan.  The earthquake triggered a tsunami, which caused further widespread devastation to Japan.  Following these tragic events, Defendants designed, marketed, and distributed to the public a commemorative wristband, which was sold to encourage donations to the worldwide Japanese relief efforts. Defendant Stefani Germanotta, professionally known as "Lady Gaga." with the other

Defendants, stated in various Internet videos, and other media outlets, that all "proceeds" from the sale of the wristbands would be donated to groups supporting relief efforts in Japan.

## I.      Procedural History

On June 24, 2011, Plaintiff filed this putative Class Action lawsuit, alleging, *inter alia*, a violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, , 18 U.S.C. §1961 *et seq*, a conspiracy to violate the RICO statute, violations of multiple state consumer protection statutes, and unjust enrichment in connection with Defendants' statements concerning the distribution of the proceeds of the wristbands, owing to the fact that Defendants charged shipping and handling fees that Plaintiff alleged exceeded the Defendants' actual costs.

## II.      Settlement Negotiations

Shortly after the Complaint was filed on June 24, 2011, counsel for Plaintiff and the Defendants began diligent efforts to attempt a swift resolution to this matter that would benefit all parties, without unnecessary negative publicity.  The parties' counsel, and retained experts, met on multiple occasions and shared data, ideas, and theories of the case in an effort to proceed without protracted litigation.  At the end of this extended period, the parties can report that they have been successful in reaching an amicable resolution that will honor the purchasers' (who are all putative Class members) original intent, and bring value to the intended beneficiaries of the underlying transactions.  While the parties have reached this agreement, Defendants continue to dispute the validity of Plaintiff's claims and expressly deny all liability, and also assert that the shipping and handling fees were justified and verifiable; however, Defendants agree to enter this Settlement in order to resolve this litigation and avoid any associated risk, time and expense.

## III.      Discovery

3

Plaintiff's counsel has undergone extensive pre-litigation discovery; including the retention of accountants and financial specialists to examine transactional histories, shipping history and other documents voluntarily disclosed to Plaintiff by the Defendants pursuant to a confidentiality agreement. Plaintiff's counsel; along with the team of experts retained, examined the various relationships between the Defendants, and assessed the veracity of the information provided by Defendants, and were able to make conclusions based on same.  These conclusions were the driving force behind Plaintiff's valuation of the case and, ultimately, her decision to resolve this matter.

### IV.    The Settlement

In consideration for the full settlement and release of all claims asserted in this action by Plaintiff on behalf of the putative Class, Defendants have agreed to make an additional charitable contribution amounting to $107,500.00 in the aggregate.  Defendants will contribute this amount to one or more charities of Defendants' choosing related to the March 2011 Japan earthquake and tsunami relief efforts.

The Defendants also agreed not to oppose any application for attorney's fees made by Plaintiff's Counsel, provided that such fee request does not exceed $107,500.00.  The fee application will be made on behalf of, and will satisfy the claim for attorneys' fees for, Plaintiff's Counsel in this action.  From the requested attorney's fees, Plaintiff's counsel provide an incentive payment for the named Plaintiff.

Plaintiff and Plaintiff's Counsel have made a complete investigation of all facts and circumstances relevant to this action. Plaintiff's Counsel has determined that the Settlement reflected in the annexed Stipulation is fair, reasonable, adequate, and in the best interest of

4

Plaintiff and the putative Class.  Plaintiff believes that the claims asserted in the action have merit, yet the Settlement provides substantial benefits to the Class. When weighed against the risks of continued litigation, and considering the expense and length of time necessary to prosecute such action through trial, the settlement of claims is warranted.

Accordingly, Plaintiff and Defendants entered into the Stipulation.  The terms of the Settlement will go into effect only if approved by the Court.  The following outlines attorney time and expenses spent to prepare and litigate this case:

- Extensive research to determine case viability;
- Research to determine charitable organizations involved;
- Research to determine appropriate defendants;
- Retain and meet with financial specialists;
- Obtain early discovery;
- Drafting of pleadings, confidentiality and non-disclosure agreements and settlement documents;
- Conferences with Defendants' counsel, financial specialists and retained and prospective clients
- Communication with various media outlets

The executed Stipulation, attached as exhibit A, outlines the terms of the Settlement.

## LEGAL ARGUMENT

I.   THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED

A.  Standard of Review

Pursuant to Rule 23, before a court may certify a class "it must ensure that the class satisfies each of Rule 23(a)'s requirements and that it falls within one of three categories permitted by

5

Rule 23(b)." *Int'l Union, United Automobile, Aerospace, and Agric. Implement Workers of Am. ("UAW") v. General Motors Corp.*, 497 F.3d 615, 625 (6th Cir. 2007). Here the proposed class satisfies the requirements of Rule 23(a) and (b) and as such, should be certified.

B. Class Certification Should be Granted for Settlement Purposes Under Rule 23

One member or more of a class may sue or be sued as representative parties on behalf of all members only if the following elements are satisfied: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the class; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (d) the representative parties will fairly and adequately protect the interest of the class. F.R.C.P. 23(a). In order satisfy the Rule 23(a) requirements; there must be an adequate statement of the basic facts to indicate that each requirement of the Rule is fulfilled. *In re Am. Med. Sys. Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). Each of these elements are met here, as described below.

C. Satisfaction of Rule 23(a) Criteria by the Proposed Class

1. Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder of all class members is "impracticable". This element is met because, according to data provided by the Defendatns, over 200,280 wristbands were sold throughout the entire United States through the Internet and other media. Assuming that multiple wristbands may have been purchased by a single individual, the number of individual purchaser's numbers in the tens of thousands. Advertising for the wristbands was done on a national scale by corporations that were national in scope. Accordingly, joinder of all class members would be impracticable.

2. Commonality

This element only requires that there be a common question of law or fact. *Bittinger v. Tecumseh Prods. Co*., 123 F.3d 877, 884 (6th Cir. 1997). The Sixth Circuit states: "The interests and claims of the various plaintiffs need not be identical.  Rather, the commonality test is met when there is at least one issue whose resolution will affect all or a significant number of the putative class members.  *Fallick v. Nationwide Mut. Ins. Co*., 162 F.3d 410, 424 (6th Cir. 1998).

The commonality element is satisfied if Plaintiff's claims predominate over any questions affecting individual class members. The common questions include, but are not limited, to the following:

- Whether Defendants' statements concerning the donation of "all proceeds" from the sales of the wristbands were false and misleading in light of the shipping and handling fees assessed;

- Whether Defendants violated the RICO statute codified at 18 U.S.C. §1961 *et seq*.;

- Whether Defendants violated the Michigan Consumer Protection Statute;

- Whether Defendants violated any other state's applicable Consumer Protection Statute;

- Whether Defendants were unjustly enriched as a result of their retention of the benefits conferred by Plaintiffs and Class Members;

Given the numerous common questions raised by Plaintiff's and the individual putative class members' claims, such common questions clearly predominate over any individual questions and, thus, the commonality requirement is satisfied.

3.   Typicality

The typicality element seeks to assure that the "interest of the named representative aligns with the interest of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The analysis looks to the "differences between class representative claims and class claims which would defeat the representative nature of the class action." *Van Vels v. Premier Athletic Ctr. Of Plainfield, Inc.* 182 F.R.D. 500, 510 (W.D. Mich. 1998).  Typicality and commonality tend to be merged.  They look to the named plaintiff's claim and the class claims to ensure they are "so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Rutherford v. City of Cleveland*, 137 F.3d 905, 909 (6th Cir. 1998). The test for typicality is not demanding. *See Bittinger*, 123 F.3d at 884. Plaintiff's claims are typical of those absent Class Members because Plaintiff and Class Members each claim to have sustained damages arising from conduct by the Defendants that Plaintiff alleges was wrongful and misleading.

4.   Adequacy

The adequacy of class representation is assessed as follows: "(1) [t]he representative must have common interests with the unnamed members of the class, and (2) it must appear that the representative will vigorously prosecute the interests of the class through qualified counsel." *Senter v. General Motors Corp.*, 532 F.2d 511, 524-525 (6th Cir. 1976).  As demonstrated above, Plaintiff's interests are overwhelmingly in common with the interests of the unnamed Class

8

Members, given the commonality of the claims asserted in connection with their purchase of the wristbands. Moreover, attorney Alyson Oliver is well suited for the representation. Aside from achieving the proposed settlement in this matter, Ms. Oliver has reached resolution of numerous putative class action cases even before any filing or class certification. Currently, Ms. Oliver serves as class representative in the matter of *Daniels et al v. Greenkote IPC, Inc.* pending in the Eastern District of Missouri, and she was appointed by the Court to serve on the Steering Committee in the multi-district litigations *In re Zimmer NexGen Knee Replacement Litigation*, *In re American Medical Systems Inc., Pelvic Repair system Products Liability Litigation*, *In re Boston Scientific Corporation Pelvic Repair System Products Liability Litigation*, and *In re Ethicon, Inc., Pelvic Repair System Products Liability Litigation*. In addition to these appointments, Ms. Oliver has been involved in complex litigation for years representing clients in multi-district litigation involving Mirapex, Medtronic Sprint Fidelis Lead Litigation, Yaz/Yasmin, DePuy ASR, DePuy Pinnacle, Depakote, etc.

There is no conflict between the proposed class representative and the other class members. The class representative has every motivation to pursue all potential relief on behalf of all class members.

D. Proposed Class Satisfies the Criteria of Rule 23(b)

The analysis does not end with Rule 23(a). The moving party must also show that at least one of the three elements of Rule 23(b) is fulfilled. Plaintiff seeks to certify the class under 23(b)(1) and (b)(3).

Rule 23(b)(1) requires the movant to show "that prosecuting separate actions by or against individual class members would create a risk" of either (A) "inconsistent or varying adjudications with respect to individual class members that would establish incompatible

9

standards of conduct for the party opposing the class" or (B) "adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests". Section (A) is satisfied by the national composition of class members. Defendants advertised the wristband throughout the United States on various websites and through other media.

Rule 23(b)(1) requires that "the court find that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Accordingly, this Court must consider the following matters: (A) "the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. As it relates to the selling of the wristbands, there is a predominant question of law and fact that applies to all class members regarding whether Defendants falsely misled Plaintiffs about the amount of money from the sale of the wristbands that would be donated to the relief effort in Japan. Factor (C) is also met by bringing one class action lawsuit in federal court on behalf of a nationwide class, which is desirable in order to reduce the cost of litigation by preventing prosecutions of claims in multiple jurisdictions.

Accordingly, the Class is certifiable under the aforementioned bases.

II.     THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE, MERITING PRELIMINARY COURT APPROVAL

10

The proposed Settlement is fair, reasonable, and adequate in accordance with Rule 23 because Plaintiff obtained for the Class all of the relief which she believes could have reasonably been obtained in the action. Based on the reasons outlined below, the Settlement should be granted preliminary approval.

A. Preliminary Fairness Determination.

The Sixth Circuit, while illuminating Rule 23(e), has said that "the district court may not approve a settlement unless it determines after hearings that the settlement is fair, adequate, and reasonable, as well as consistent with the public interest." *Bailey v. Great Lakes Canning, Inc*., 908 F.2d 38, 42 (6th Cir. 1990). Here, the settlement meets this requirement because it requires additional funds to be paid to a Japanese earthquake/tsunami relief charity, which Plaintiffs originally intended when purchasing the wristbands.

B. All of the "Fairness" Factors Are Satisfied Here

The Sixth Circuit also spells out various factors to determine whether a settlement is fair, reasonable, and adequate. Such factors include (a) the risk of fraud or collusion, (b) the complexity, expense, and likely duration of the litigation; (c) the amount of discovery engaged in by the parties; (d) the likelihood of success on the merits; (e) the opinions of class counsel and class representatives; (f) the reaction of absent class members; and (g) the public interest. *UAW*, 497 F.3d at 631.

Generally, the district court is given broad discretion in weighing the foregoing factors, and their applicability to determining whether the proposed class meets them. *Detroit Polic Off. Ass'n*, 920 F. Supp at 761. The court may consider "only factors that are relevant to the

11

settlement and may weigh particular factors according to the demands of the case". *Leonhardt v. ArvinMeritor*, inc. 581 F. Supp 2d 818, 823 (ED Mich 2008).

1.   Risk of Fraud or Collusion

Courts generally "presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary" *Leonhardt*, 581 F. Supp .2d at 838. Furthermore, "authorities hold that if the settlement agreement itself is fair, reasonable, and adequate, then the court may assume that the negotiations were proper and free of collusion." *Id*. At 838.  That presumption is appropriate here, where the Magistrate Judge participated in the majority of the parties' negotiations leading up to the Settlement, and there is no proffered evidence  of any fraud or collusion among the Plaintiff and the Defendants, or their respective counsel.

2.   Complexity, Expense, Likely Duration

Settlements "should represent a compromise which has been reached after the risks, expenses, and delay of further litigation have been assessed" *In re Cardizem CD Antitrust Litig*., 218 FRD 508, 523 (ED Mich. 2003).  The proposed Settlement is not everything that Plaintiff could have recovered, and is certainly more than Defendants wished to pay given their position that the shipping and handling fees assessed were appropriate and  justifiable – therefore, the Settlement unquestionably is a compromise reached by the parties for the reasons set forth above, including avoidance of the risks, delay and uncertainty associated with prolonged litigation.

3.   Amount of Discovery Done by Parties

4.   Likelihood of Success on the Merits

12

Plaintiff's counsel has undergone extensive pre-litigation discovery. Plaintiff retained accountants and financial specialists to examine Defendants' proffered transactional history, shipping history and other documents obtained via voluntary exchange pursuant to a confidentiality agreement that the parties were able to successfully negotiate.  Plaintiff's counsel; along with the team of experts retained, examined the various relationships between the Defendants, and the veracity of the information provided, and were able to make conclusions based on same. These conclusions were the driving force behind the Plaintiff's valuation and ultimately her decision to resolve this matter.

Courts have held that the "judgment of the parties' counsel that the settlement is in the best interest of the settling parties 'is entitled to significant weight, and supports the fairness of the class settlement'" *Leonhardt*, 581 F. Supp 2d at 837. Moreover, in approving proposed settlements "the court also considers the opinion of experienced counsel as to the merits of the settlement. *In re Cardizem* at 525. As the Sixth Circuit observed, the court should "['d]efer to the judgment of experienced counsel who has competently evaluated the strength of his proofs. Significantly, however, the deference afforded to counsel should correspond to the amount of discovery completed and the character of the evidence uncovered. *In re Cardizem*, citing *Vukovich* 720 F.2d 909 1983.

The parties' Counsels' encourage the approval of this Settlement as one that is in the best interests of all of the parties, as well as the putative Class Members. Courts have also stated that the "fairness of each settlement turns in large part on the bona fides of the parties' legal dispute. Although this inquiry does not require us to decide the merits of the case or resolve unsettled legal questions, we cannot judge the fairness of a proposed compromise without weighing the

13

plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement." *UAW*, 497 F.3d at 631 Opinions of Class Counsel and Class Representatives.

    5.   Reaction of Absent Class Members

Absent class members will have their interests fairly met by the Settlement in as much as it seeks to provide the value that was envisioned from the beginning of their transaction with Defendants, that is, funds in addition to those already donated be donated for the benefit of the victims of the Japanese tsunami.  Thus, the absent class members's expectations are appropriately addressed and satisfied by this Settlement.

    6.  Public Interest

Courts have also noted that "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources. *In re Cardizem* 218 FRD at 530. Here, the Settlement meets this public interest requirement in as much as extensive resources are saved by its approval, and the funds will be tendered as intended to victims of the Tsunami.

  C. The Proposed Notice Plan Satisfies Rule 23 and Due Process

Prior to the Court conducting a fairness hearing, the Court must also give "direct notice in a reasonable manner to all class members who would be bound' by the settlement".  581 F. Supp.2d 831. Moreover, the notice should be "reasonably calculated under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *UAW*, 497 F.3d at 629, citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339

US 306, 314 (1950). Rule 23( c ) (2)(A) also requires that the Court direct appropriate notice to the Class.  The parties propose that the notice be provided to the Class by electronic mail.  Email notification is highly appropriate under the circumstances as most purchases were made on-line, and purchasers provided their email addresses.  In the event that there are no email addresses, or the address is no longer valid, first class mail shall be utilized.

## **CONCLUSION**

For the foregoing reasons outlined in the Brief, Plaintiff's Counsel respectfully requests that the Court grant the prayed for relief. A proposed order has been submitted as EXHIBIT B to the Stipulation

Dated: June 25, 2012

/s/Alyson Oliver
Oliver Law Group PC
Attorneys for Plaintiff
950 W. University Drive Ste. 200
Rochester, MI 48307
(248) 327-6556
aoliver@oliverlg.com

**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

CAITLIN DEMETSENARE,
             Individually and all others
             Similarly situated,
                     Plaintiffs,

                                                    Case No.11-12753
                                                    Hon. Bernard Friedman

         Vs.

STEFANI GERMANOTTA,
             aka LADY GAGA;
ATE MY HEART, INC.,
             A California Corporation,
MERMAID MUSIC, L.L.C;
             A New York Corporation,
HOUSE OF GAGA PUBLISHING, INC.
             A New York Corporation,
BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES INC.,
             A Foreign Corporation,
LIVE NATION ENTERTAINMENT INC.,
             A Delaware Corporation,
LIVE NATION MERCHANDISE INC.,
             A Delaware Corporation,
UNIVERSAL MUSIC GROUP INC.,
             A Delaware Corporation.
                     Defendants.
_____/

**CERTIFICATE OF SERVICE**


         I certify that on June 25, 2012 the foregoing document was served on all parties or

their counsel of record through the CM/ECF system if they are registered users or, if they

are not, by placing a true and correct copy in the United States mail, postage prepaid, to

their address of record.

Dated: June 25, 2012

/s/Alyson L. Oliver
OLIVER LAW GROUP PC
Alyson L. Oliver (P55020)
950 W. University Drive, Ste. 200
Rochester, MI 48307
(248) 327-6556
aoliver@oliverlg.com
*Counsel for Plaintiff*