UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAITLIN DEMETSENARE,
    Individually and all others
    Similarly situated,
        Plaintiffs,

Case No.11-12753
Hon. Bernard Friedman

Vs.

STEFANI GERMANOTTA,
    aka LADY GAGA;
ATE MY HEART, INC.,
    A California Corporation,
MERMAID MUSIC, L.L.C;
    A New York Corporation,
HOUSE OF GAGA PUBLISHING, INC.
    A New York Corporation,
BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES INC.,
    A Foreign Corporation,
LIVE NATION ENTERTAINMENT INC.,
    A Delaware Corporation,
LIVE NATION MERCHANDISE INC.,
    A Delaware Corporation,
UNIVERSAL MUSIC GROUP INC.,
    A Delaware Corporation.
        Defendants.

## STIPULATION OF SETTLEMENT

The parties to the above-captioned matter, by and through their respective attorneys, enter into the following Stipulation of Settlement (the "Stipulation") effective as of June 25, 2012, subject to the approval of this Court. The plaintiff in the Action is referred to herein as "Plaintiff." Counsel to the Plaintiff in the Action is collectively referred to as "Plaintiff's Counsel." All defendants in the Action are collectively referred to as "Defendants."

**WHEREAS** in the wake of the horrific earthquake and tsunami that struck Japan in March 2011, certain of the Defendants made available through an on-line store a commemorative wristband bearing the phrase "We Pray For Japan," which sold for $5 (plus shipping, handling

and tax)("wristbands"), and certain of the Defendants pledged that the proceeds from the wristband sales would go to charities benefiting the disaster victims;

**WHEREAS**, on June 24, 2011, Plaintiff filed a class action lawsuit which named as Defendants Stefani Germanotta, a/k/a Lady Gaga, Ate My Heart, Inc., Mermaid Music, LLC, House of Gaga Publishing, Inc., Bravado International Group Merchandising Services Inc., Live Nation Entertainment Inc., Live Nation Merchandise Inc., and Universal Music Group Inc. ("Defendants")(the "Action"). The complaint alleged, among other things, that Defendants failed to turn over to charity all proceeds of the wristband sales;

**WHEREAS**, Defendants have produced to Plaintiffs, pursuant to a confidentiality agreement, certain documents related to the matters alleged in the Action;

**WHEREAS**, after arm's-length negotiations, counsel for the parties reached an agreement in principle concerning the proposed settlement of the claims in the Action (collectively, the "Claims"), which they set forth in a Memorandum of Understanding ("MOU");

**WHEREAS**, Defendants deny all allegations of wrongdoing, fault, liability or damage to Plaintiff and the putative class and otherwise deny that they engaged in any wrongdoing or committed any violation of law or breach of duty and believe that they acted properly at all times, but wish to settle the litigation on the terms and conditions stated in this Stipulation of Settlement in order to eliminate the burden and expense of further litigation and to put the Claims to be released hereby to rest finally and forever;

**WHEREAS**, Plaintiff and Plaintiff's Counsel have determined that a settlement on the terms reflected in this Stipulation of Settlement is fair, reasonable, adequate, and in the best interests of plaintiff and the putative class; and

**WHEREAS**, to document their agreement to settle the Action and all Claims that were or could have been raised therein, the parties, through their counsel, wish to document their agreement of this settlement in this Stipulation to be submitted to the Court for approval;

**WHEREAS**, Plaintiff's entry into this Stipulation is not an admission as to the lack of any merit of any of the Claims asserted in the Action, and Defendants' entry into this Stipulation is not an admission as to the merit of any of the Claims asserted in the Action;

**NOW, THEREFORE**, the parties have reached an agreement providing for the settlement of the Claims on the terms and subject to the conditions set forth below (the "Settlement"):

1. **Payment to Charity.** In consideration for the full settlement and release of all Settled Claims (as defined below), the parties have agreed that Defendants will make an additional charitable contribution in the aggregate amount of $107,500 to one or more charities of Defendants' choosing related to the March 2011 Japan earthquake and tsunami.

2. **Settlement Class.** The parties hereby stipulate, for settlement purposes only, subject to Court approval pursuant to Federal Rules of Civil Procedure 23(a)23(b)(1) and 23(b)(2) to a non opt-out class consisting of all purchasers of the wristbands at any time, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any or each of them (the "Class");

3. **Notice of Settlement**. Plaintiff shall be responsible, at its own cost, for providing notice of the Settlement to the members of the Class. The Parties agree that notice by email where email addresses are possessed by Defendants shall constitute sufficient and reasonable notice, with notice by first class mail to any other member of the Class without a known email address. Defendants shall produce the email addresses (and, if required, mailing addresses) of all members of the Class.

4. **Defendants Deny Liability or Wrongdoing.** Defendants have denied, and continue to deny, that any of them has committed or has threatened to commit any wrongdoing, violation of law or breach of duty to Plaintiff, the Class or anyone, that they have no liability or owe any damages of any kind to Plaintiff, the Class or anyone in connection with the Settled Claims and the subject matter thereof, that Defendants' entry into the Settlement Agreement is not an admission as to the validity of the Claims, and that Defendants are entering into the Settlement Agreement solely because the proposed Settlement would eliminate the distraction, burden and expense of further litigation and terminate all the claims that were or could have been brought against the Defendants.

5. **Plaintiff Denies The Claims Lack Merit.** Plaintiff's entry into the Settlement and this Stipulation is not an admission as to the lack of merit of the Claims.

6. **Releases.** As of the date upon which the Final Order is entered by the Court in the Action and the expiration of all applicable appeal periods without any such appeals having been taken, and by such time there having been no violation of this Stipulation by Plaintiffs, including without limitation, by a member of the Class initiating an action which remains pending ("Effective Date"):

   (a) The Plaintiff, on behalf of herself and the Class, and each Class Member, effective upon final Approval of the Settlement, hereby settle, release, discharge and dismiss with prejudice on the merits any and all claims, demands, actions or causes of action, rights, liabilities, damages, losses, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, that have been or could have been or in the future might be asserted in the Action or in any court, tribunal or proceeding (including, but not limited to, any claims arising under federal or state law, or any other law or regulation, including claims relating to alleged fraud, breach of any duty, negligence or violation of state consumer protection laws) by or on behalf of Plaintiff and any and all of the members of the Class (and Plaintiff's and Class members' present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates,

affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial, legal and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities), whether individual, class, direct, derivative, representative, legal or equitable, or any other type or in any other capacity, against any and all Defendants in the Action and/or any of their parent entities, associates, affiliates or subsidiaries and each and all of their respective past, present or future officers, directors, stockholders, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, insurers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors, assigns and any other representatives of any of these persons or entities (collectively, the "Released Persons") which Plaintiff or any member of the Class ever had, now has, or hereafter can, shall or may have by reason of, arising out of, relating to or in connection with the allegations, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved, set forth or otherwise related to the Action or the Claims (collectively, the "Settled Claims"), provided, however, that the Settled Claims shall not include claims to enforce the Settlement;

(b) Each member of the Class, effective upon Final Approval of the Settlement, hereby covenants not to sue, and is barred from suing, any Defendant or any other Released Person for any Settled Claim;

(c) Subject to the order of this Court, pending final determination of whether the Settlement provided for in this Stipulation should be approved, Plaintiff and all members of the Class, or any of them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Settled Claims against any of the Released Persons.

(d) The Released Persons, effective upon Final Approval of the Settlement, hereby release Plaintiff, the members of the Class and Plaintiff's counsel from all claims arising out of the commencement, prosecution, settlement or resolution of the Claims; however, the Released Persons shall retain the right to enforce the terms of the Stipulation and the Settlement.

7. **Additional Elements of the Released Claims.** The Plaintiff and the Class and each of its members expressly acknowledge and agree that the release contemplated by paragraph 6(a) of this Stipulation shall extend to claims that the releasing parties do not know or suspect to exist at the time of the release, which if known, might have affected the decision to enter into the release or to object or not to object to the Settlement. Plaintiff and each member of the Class shall be deemed to waive, and shall waive and relinquish to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, or any other law, which governs or

limits a person's release of unknown claims; and Plaintiff, for herself and on behalf of the Class, shall be deemed to waive, and shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;

Plaintiff, for herself and on behalf of the Class, also shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or any other law, which is similar, comparable or equivalent to California Civil Code § 1542; and Plaintiff, for herself and on behalf of the Class, acknowledges that members of the Class may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is her intention, as Plaintiff and on behalf of the Class, to fully, finally and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. The parties to this Stipulation acknowledge that the foregoing waiver was separately bargained for and is an integral part of the Settlement.

8. **Preliminary Approval.** As soon as practicable after the execution of this Stipulation, the parties shall jointly apply to the Court for the entry of the Proposed Order Granting Preliminary Approval of Settlement and Directing Notice to the Class (the "Notice Order") in the form attached hereto as Exhibit B, which includes provisions, amongst others, that:

(a)   Provide for the Notice of Pendency of Class Action, Proposed Settlement and Settlement Hearing (the "Notice"), in the form attached hereto as Exhibit C; and

(b)   Provide that pending final determination of whether Settlement and Stipulation should be finally approved, all pre-trial proceedings in this matter, except for such proceedings ordered by the Court with respect to approval of the Settlement, are stayed and suspended until further order of this Court, and that Plaintiff and all members of the Class, or any of them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Settled Claims against any of the Released Persons.

9.   **Affidavit of Notice of Mailing**. Ten days prior to the hearing as specified in paragraph 3 of the Notice Order, Plaintiffs shall file with the Court an appropriate affidavit evidencing emailing/mailing of the Notice to the Class. The Defendants shall provide the email

addresses and, as necessary, mailing addresses of the Class to Plaintiff; Plaintiff will pay all costs incurred in notifying the Class as provided for herein.

10. **Final Approval**. If this Settlement is approved by the Court after a hearing, the parties shall jointly request the entry of an Order and Final Judgment ("Final Order") in the form attached hereto as Exhibit D:

   (a) Approving this Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of the terms and provisions of the Settlement;

   (b) Providing for the final release of claims as described and set forth above in paragraph 6;

   (c) Permanently enjoining the prosecution of all Settled Claims;

   (d) Reserving jurisdiction for the purpose of effectuating the Settlement; and

   (e) Acting upon Plaintiff's motion for an award of attorney's fees and expenses as set forth herein.

11. **Termination of Settlement.** Any and all of the Defendants shall have the right to withdraw from the proposed Settlement in the event that any claims related to the subject matter of the Settled Claims are commenced or prosecuted against any of the Released Persons in any court prior to final approval of the Settlement, and such claims are not dismissed with prejudice or stayed in contemplation of dismissal, and that in the event any such claims are commenced or prosecuted, Plaintiff and Defendants agree to cooperate and use all reasonable efforts to secure dismissal thereof.

12. **Attorney's Fees**. Plaintiff's counsel shall apply to the Court for an award to Plaintiff's counsel of attorneys' fees, costs, and expenses in an amount not to exceed $107,500 (of which up to $7,500 will be paid to Plaintiff as an incentive award), to be paid by Defendants or any successor thereto subject to the approval of the Court. Defendants acknowledge that Plaintiff's counsel have a claim for attorneys''' fees and reimbursement of expenses based upon the benefits the Settlement provides to the Class. Rather than litigate the issue, the parties agreed (after negotiation of the substantive terms reflected herein) that Plaintiff will present a fee application and that Defendants will not oppose such an application for an award of attorneys' fees, costs and expenses in an amount not to exceed $107,500. Approval of such fee application shall not be a condition to Settlement. Defendants reserve the right to oppose any other application made by Plaintiff, Plaintiff's counsel, or by any other person for any award of attorney's fees and/or out-of-pocket expenses. Defendants or its successors will pay to Plaintiff's counsel such amounts and the Court awarded in attorneys' fees and expenses, but in no event more than $107,500. Any award of fees shall be payable within ten (10) business days after the entry by this Court of an Order approving the Settlement (including with respect to the payment of attorneys'' fees). In the event that the Final Order is reversed or modified on appeal, Plaintiff's counsel shall be jointly and severally obligated to refund to the payor within ten (10)

business days the advanced amount and all interest accrued or accumulated thereon to the extent such refund is consistent with such reversal or modification. The Defendants shall bear no other expenses, costs, damages or fees alleged or incurred by Plaintiff, by any member of the Class or by any of their attorneys, experts, advisors, agents or representatives with respect to the Claims, and Defendants shall have no responsibility for, and no liability with respect to, the fee and/or expense allocation amount Plaintiff's counsel and/or any other person who may assert any claim thereto. The failure of any court to approve any requested award of attorneys' fees and/or expenses in whole or in part shall have no effect on the Settlement set forth in this Stipulation.

13. **Court Approval Required.** This Stipulation shall be null and void and of no force and effect if either entry of the Notice Order or the Final Order by the Court does not occur for any reason with expiration of all applicable appeal periods without any such appeal having taken place. In such event, the parties shall return to their respective litigation positions in the Action as of the time immediately prior to the date of the execution of the MOU, as though it was never executed or agreed to, and this Stipulation shall not be deemed to prejudice in any way the positions of the parties with respect to the Action, or to constitute an admission of fact by any party, shall not entitle any party to recover any costs or expenses incurred in connection with the implementation of this Stipulation or the Settlement, and neither the existence of this Stipulation nor its contents shall be admissible in evidence or referred to for any purposes in the Action or in any litigation or judicial proceeding, other than to enforce the terms hereof.

14. **Statements Regarding the Action or Settlement**. Plaintiff and Plaintiff's Counsel agree to make no comments or statements regarding the Action or the Settlement other than, in response to any inquiry not initiated by them, that all claims were amicably resolved. Defendants are not so limited in their disclosures, but may generally, in addition to denying any wrongdoing, state any of the following or its substantial equivalent:

> The litigation was resolved amicably. No defendant in the litigation made any profit from the sale of "We Pray for Japan" wristbands. At least $1.5M, including all net revenue from the sale of the wristbands, was donated to the Japan relief effort. Class counsel took the position that the putative class members additionally intended that the equivalent of the actual costs of shipping/handling the wristbands, as well as the taxes paid to local taxing authorities, should also have been donated to the relief effort. Defendants respectfully disagreed. Nevertheless, in order to avoid the expense and distraction of litigation, and to further the relief effort in Japan, the Defendants agreed to pay up to $215,000 to resolve the litigation. One-half of that amount will be donated to charity.

15. **Return of Documents**. Counsel for the Plaintiff agree that within ten (10) days of receipt of a written request by any producing party following the Effective Date, they will return to the producing party all discovery material obtained from, including all documents produced by any of the Defendants or their advisors in the Action (herein "Discovery Material"), or certify in writing that such Discovery Material has been destroyed. Provided, however, that Plaintiff's counsel shall be entitled to retain all filings, court papers, and attorney work product, subject to the requirement that Plaintiff's counsel shall not disclose any information contained in or referenced in such materials to any person except pursuant to court order or agreement with

Defendants. The parties agree to submit to the Court any dispute concerning the return or destruction of Discovery Material.

16. **Execution in Counterparts**. This Stipulation may be executed in multiple counterparts by the signatories hereto, including by email in PDF format or by telecopier, and as so executed shall constitute one agreement.

17. **Governing Law.** This Stipulation and the Settlement contemplated by it, and all disputes arising out of or relating to it, shall be governed by, and construed in accordance with, the substantive and procedural laws of Michigan, without regard to conflict of laws principles. The parties agree that nay dispute arising out of or relating in any way to this Stipulation or to the Settlement shall not be litigated or pursued in any forum or venue other than this Court.

18. **Written Modifications**. This Stipulation constitutes the entire agreement among the parties with respect to the subject matter hereof, supersedes all written or oral communications, agreements or understanding that may have existed prior to the execution of this Stipulation, including the MOU, and may be modified or amended only by a writing signed by the parties hereto.

19. **Successors, Assigns and Third Party Beneficiaries.** This Stipulation shall be binding upon and inure to the benefit of the parties (including members of the Class) and their respective agents, executors, heirs, successors and assigns; provided, however, that no party shall assign or delegate its rights or responsibilities under this Stipulation without the prior written consent of the other parties hereto. All Released Persons who are not named as defendants in the Action are intended third party beneficiaries under this Stipulation entitled to enforce this Stipulation in accordance with its terms.

20. **Representation of Named Plaintiff.** Named Plaintiff Caitlin DeMetsenare, and her respective counsel, hereby represent and warrant that she purchased a wristband from Defendants and that none of Plaintiff's claims or causes of action referred to in the complaint in the Action or this MOU have been assigned, encumbered or in any manner transferred in whole or in part.

21. **Authority.** This Stipulation is being executed by counsel for the parties, each of whom represents and warrants that he or she has been granted full and complete authority from his or her client or clients to enter into this Stipulation, which has full force and effect as a binding obligation of such clients.

WHEREFORE, the parties hereto have executed this Stipulation as of this 15th day of August, 2012.

STEFANI GERMANOTTA

ATE MY HEART, INC

MERMAID MUSIC, L.L.C
HOUSE OF GAGA PUBLISHING, INC.

BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES INC.

LIVE NATION ENTERTAINMENT INC.

LIVE NATION MERCHANDISE INC.

UNIVERSAL MUSIC GROUP INC.

By: /s/ Daniel D. Quick
Daniel D. Quick (P48109)
Dickinson Wright PLLC
2600 W. Big Beaver Rd., Ste. 300
Troy, MI 48084
(248) 433-7242
dquick@dickinsonwright.com


CAITLIN DEMETSENARE

By:/s/ Alyson Oliver
Alyson Oliver (P55020)
OLIVER LAW GROUP PC
950 W. University Rd., Ste. 200
Rochester, MI 48307
(248) 327-6556
aoliver@oliverlg.com

*Attorneys for Plaintiff*