UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CAITLIN DEMETSENARE,
       Individually and all others
       Similarly situated,
             Plaintiffs,

                                                Case No.11-12753
                                                HON. BERNARD A. FRIEDMAN

Vs.

STEFANI GERMANOTTA,
       aka LADY GAGA;
ATE MY HEART, INC.,
       A California Corporation,
MERMAID MUSIC, L.L.C;
       A New York Corporation,
HOUSE OF GAGA PUBLISHING, INC.
       A New York Corporation,
BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES INC.,
       A Foreign Corporation,
LIVE NATION ENTERTAINMENT INC.,
       A Delaware Corporation,
LIVE NATION MERCHANDISE INC.,
       A Delaware Corporation,
UNIVERSAL MUSIC GROUP INC.,
       A Delaware Corporation.
             Defendants.
_____/

**AMENDED ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT
AND DIRECTING NOTICE TO THE CLASS**
**(Hearing date adjourned to 10/3/12)**

      The parties, having made an application pursuant to Rule 23 of the Federal Rules of Civil

Procedure, for an Order approving the settlement of the above captioned action in according with

a Stipulation of Settlement effective as of June 25, 2012 ("the Stipulation"), which is

incorporated herein by reference and which, together with the accompanying documents, sets

forth the terms and conditions for the proposed settlement of the action between Plaintiff Caitlin

1

Demetsenare and Defendants Stefani Germanotta, et al., and for a judgment dismissing Plaintiff's claims with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the accompanying documents, and all parties having consented to the entry of this Order

**IT IS HEREBY ORDERED** that:

1. **Class Treatment pursuant to Rule 23(a) and Rule 23(b)(2).**

    For purposes of the settlement only, and preliminarily, for the purposes of this Order, this action shall proceed as a class action, pursuant to Rule 23(a) and 23(b)(2) that it appears that the proposed settlement class is so numerous that joinder of all members is impracticable; that there are questions of law and fact common to all class members; that the claims or defenses of the representative parties are typical of the claims or defenses of the class; and that the representative parties will fairly and adequately protect the interests of the class. The Court further finds for purposes of this settlement only and preliminarily that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Therefore, this action shall proceed as a class action for all claims set forth in the complaint, pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.

2. **Definition of Class**

    For purposes of settlement only, and preliminarily, for the purposes of this Order, pursuant to Rule 23(c)(1)(B) the Court finds that the definition of the class shall be:

    > "all persons who purchased a Pray for Japan wristband from one or more of the Defendants during the period from March

  11, 2011 through the date of final order of the Court, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrations, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or Claiming under any or each of them".

3. **Appointment of Class Counsel**

   For the purposes of settlement only, and preliminarily, for the purposes of this Order and Pursuant to Rule 23(c)(1)(B) and Rule 23(g) the Court appoints Alyson Oliver and Oliver Law Group PC as class counsel for the class, having considering the work they have done in identifying or investigating the potential claims in the action; their experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class; and finding that they will fairly and adequately represent the interests of the class.

4. **Preliminary Certification**

   Pursuant to Rule 23(c) (1) and Rule 23(e) the Court preliminarily approves the settlement on the terms and conditions set forth in the stipulation as being fair, reasonable, and adequate to warrant sending notice of the proposed settlement to the class and further consideration of the proposed settlement at the hearing described in paragraph 5 below.

5. **Hearing, Notice to Class and Filings**

A. A hearing shall be held on **Wednesday, October 3, 2012 at 2:00 p.m.** before the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226 for the purposes of: (a) determining whether the proposed settlement on the terms and conditions provided for in the stipulation is fair, reasonable, adequate and in the best interests of the class and should be approved by the court, and whether the Order and Final Judgment provided for

in the stipulation should be entered; (b) determining whether the action should be finally certified as a class action; (c) considering the application of class counsel made herein should be a final order; (d) considering the application of Plaintiff's counsel for an award of attorneys' fees and expenses to be paid by Defendants; and (e) ruling on such other matters as the Court may deem appropriate. The Court may adjourn the hearing (including consideration of the application for an award of attorneys' fees and expenses) or any adjournment thereof without further notice to the class other than an announcement at the hearing or any adjournment thereof.

B. The Court approves, in form and content, the Notice of Pendency of Class Action, Stipulation of Settlement, Settlement Hearing and Right to Appear attached as EXHIBIT A to the stipulation and finds that the distribution of this notice substantially in the manner and form set for in paragraph 5(c) of this Order meets the requirements of Rule 23(c)(2) and Rule 23(e) and due process, is the best notice practicable under the circumstances, and shall constitute full and adequate notice to all persons entitled thereto.

C. Within 14 calendar days of the entry of this Order, Plaintiff shall commence by electronic mail, dissemination of the Notice, using email addresses supplied by Defendants from a list of purchasers of the wristbands from Defendants websites. Plaintiff shall use reasonable efforts to give notice to purchasers of the wristbands by making additional copies of the notice available to any putative class member requesting the same for all purpose of distribution to purchasers. Any identified purchaser without a valid email address shall be sent a copy of this Notice via first class mail. Plaintiffs will pay all costs and expenses related to this Notice. Ten days before the hearing, Plaintiff's shall file proof by affidavit of such mailing.

D. At the hearing, any member of the class who desires to do so may appear personally or by counsel, providing that an appearance is filed and served as hereinafter provided, and show cause, if any, why the settlement of plaintiff's claims in the action should be approved as fair, reasonable, adequate and in the best interests of the class, why judgment should not be entered dismissing plaintiffs' claims asserted against all of the defendants

with prejudice against plaintiff and the class is determined by the court or why the court should not grant an allowance of fees and expenses to plaintiffs' counsel for their services herein and expenses incurred. Provided, however, that no member of the class or any other person opposing the settlement or any provision thereof shall be heard or entitled to contest the approval of the terms and conditions of the settlement and if approved the judgment to be entered thereon and the allowances of fees and expenses to Plaintiff's counsel and no papers or briefs submitted by any member of the class or any other personnel shall be received and considered except by Order of the court for good cause shown, unless, no later than ten business days prior to the hearing copies of (a) a written notice of intention to appear, (b) proof of any class membership, (c) a detailed statement of each person's specific objections to any matter before the court, (d) the grounds for such objections and any reasons for such person's desiring to appear and to be heard, as well as all documents and writings such person desires this court to consider, and (e) a statement advising the Court and the parties of any court proceeding in which said objector and his counsel has made an objection to a class action settlement within the past three years identifying the past objections made by case name. docket number and court shall be served upon the following counsel:

>Plaintiff's Counsel
>Alyson L. Oliver
>Oliver Law Group PC
>950 W. University Drive, Suite 200
>Rochester, MI 48307
>248-327-6556
>Fax: 248-436-3385
>E-mail: notifications@oliverlg.com


<u>Defendant's Counsel</u>
Daniel D. Quick
Dickinson Wright
2600 West Big Beaver Road, Suite 300
Troy, MI 48034
248-433-7242
Fax: 248-433-7200
E-mail: dquick@dickinsonwright.com

and then filed with the Clerk of the Court. Unless the Court otherwise directs, no members of the class shall be entitled to object to the settlement or to the judgment to be entered herein, or to the award of attorneys' fees and expenses to Plaintiff's counsel, or otherwise to be heard, except by serving and filing written objections as described above. Any person who fails to object in the manner provided above shall be deemed to have waived such objection and shall forever be barred from making any such objection in this action or any other action proceeding.

E. The parties shall file all papers in support of the proposed settlement, and Plaintiff's counsel shall file their application for an award of attorneys' fees and expenses, no later than five business days before the hearing.

F. If the settlement provided for in the stipulation is approved by the court following the hearing, judgment shall be entered in the form attached as EXHIBIT C to the stipulation.

6. **Stay of Proceedings**

Except as otherwise provided in the stipulation, all pre-trial proceedings in this action except for such proceedings ordered by the court with respect to approval of the settlement, are stayed and suspended until further order of this Court.

7. **Failure to Enter Order and Final Judgment**

In the event that: (a) the Court declines, in any respect (except for a disallowance or modification of the fees and/or expenses sought by Plaintiff's counsel) to enter the Order and Final Judgment provided for in the stipulation and any one of the parties hereto fails to consent to the entry of another form of order in lieu thereof; (b) the Court disapproves the settlement proposed in the stipulation, including any amendments thereto agreed upon by all of the parties; or (c) the Court approves the settlement proposed in the stipulation or any amendments thereto approved by all of the parties, but such approval is reversed or substantially modified on appeal and such reversal or modification becomes final by a lapse of time or otherwise; then, in any of such events, the stipulation, the settlement proposed herein (including any amendments), any qualifications of Plaintiff as appropriate representative of the class or of Plaintiff's counsel as counsel to the class, and any action taken or to be taken with respect to the settlement proposed in the stipulation and the Order and Final Judgment to be entered, shall be of no further force or effect and shall be null and void, and shall be without prejudice to any of the parties hereto.

8. **Modifications of Stipulation and Settlement**

The Court reserves the right to approve the stipulation and the settlement with modifications and without further notice to members of the class, and retains jurisdiction over the action to consider all further applications arising out or connected with the proposed settlement.

s/Bernard A. Friedman_____
HON. BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

DATED:_August  28, 2012
       Detroit, Michigan